UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY EUGENE PARIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-1051 |
| FRANK BISIGNANO,[1] COMMISSIONER OF SOCIAL SECURITY, | * * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff/Claimant Gary Eugene Paris petitions this Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1 ¶ 1. The Court has considered the record and the parties' briefs. ECF Nos. 8, 9, 11, 12. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court remands this case for further proceedings.

---

[1] The Acting Commissioner of the Social Security Administration has changed during the life of this case, but this only affects the caption. Under the Federal Rules of Civil Procedure, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. 405(g) (stating any action involving a petition for judicial review of a final decision of the Commissioner "shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security"). Paris filed this case against Leland Dudek on March 31, 2025, when Mr. Dudek was Acting Commissioner of the Social Security Administration. Frank Bisignano became Acting Commissioner on May 7, 2025. As a result, Commissioner Bisignano has been automatically substituted as the Defendant.

## PROCEDURAL BACKGROUND

On November 23, 2020, Paris filed an application claiming DIB and an application claiming SSI under Titles II and XVI of the Social Security Act, respectively. Tr. 91. In his application, Paris alleged he became disabled on June 16, 2017. Tr. 273. His claims were denied initially and on reconsideration. Tr. 152, 162, 173. Paris requested an Administrative Law Judge ("ALJ") review his claims. Tr. 183. An ALJ held a hearing on April 4, 2024. Tr. 45.

Following the hearing, the ALJ issued an opinion in which he found that Paris became disabled on July 13, 2023, which was several months after his December 31, 2022, date last insured. Tr. 25, 35. Because Paris was deemed statutorily disabled after his date last insured—the date by which Paris must have been found disabled to receive DIB—the ALJ denied his claim for DIB. Tr. 35. Finally, the ALJ granted his claim for SSI as of June 13, 2023. Tr. 35.

Paris requested review of the ALJ's decision by the Social Security Appeals Council, which denied the request on February 21, 2025. Tr. 1.

Paris timely petitioned for judicial review in this Court on March 31, 2025. ECF No. 1.

## THE ALJ'S DECISION

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (DIB); 20 C.F.R. § 416.905(a) (same for SSI). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed

impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ found Paris had not engaged in substantial gainful activity since August 10, 2018. Tr. 21.[2] At step two, the ALJ determined that Paris had the following severe impairments: "obesity, degenerative disc disease …, diabetes mellitus, osteoarthritis of the hands, peripheral neuropathy, and peripheral vascular disease." Tr. 21.[3] At step three, the ALJ decided that Paris's impairments did not meet or equal any of the listed impairments in the Social Security Regulations. Tr. 24 (citing 20 C.F.R. § 404, Subpart P, App'x 1). The ALJ then found that Paris had two RFCs: prior to July 13, 2023, Paris had the RFC to perform light work,[4] and since July 13, Paris had the RFC to perform sedentary work.[5] Tr. 25, 30. At step four, the ALJ determined that Paris has been unable to

---

[2] The ALJ defined August 10, 2018, as the beginning of the alleged period of disability rather than Paris's proposed June 16, 2017, date. Tr. 17–18. This is because the period between June 16, 2017, and August 9, 2018, had already been reviewed and rejected by prior Social Security decisions, and the ALJ declined to reopen those decisions. *See* Tr. 17–18. The parties do not dispute this finding, so the Court need not address it. *See Fauble v. Comm'r of Soc. Sec.*, No. 5:24-CV-00203-SCR, 2025 WL 2813903, at *2 n.3 (W.D.N.C. Sept. 30, 2025) (declining to address physical limitations in RFC because claimant had only challenged mental limitations).

[3] The ALJ also found that Paris had the non-severe impairments of coronary artery disease, hyperglycemia, hypertension, hyperlipidemia, diabetic retinopathy, depression, post-traumatic stress disorder, generalized anxiety disorder, and alcohol use disorder. Tr. 21.

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[5] Sedentary work "involves lifting no more than 10 pounds at a time" and requires occasional walking and standing. 20 C.F.R. §§ 404.1567(a), 416.967(a).

perform past relevant work since August 10, 2018. Tr. 33. At step five, the ALJ found that, since July 13, 2023, Paris could not perform any work that existed in significant numbers in the national economy. Tr. 34. Thus, the ALJ concluded that Paris was statutorily disabled on July 13, 2023. Tr. 35.

## STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

## DISCUSSION

Paris contends that the ALJ's decision is not supported by substantial evidence for three reasons. First, Paris argues that the ALJ's finding that Paris became disabled on July 13, 2023, and not before that date, was not supported by substantial evidence. ECF No. 9 at 6.[6] Second, he claims that the ALJ erred by failing to consider his non-severe mental limitations in the RFC analysis. ECF No. 9 at 17. Third, Paris asserts that the ALJ erred by failing to properly evaluate

---

[6] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

the medical opinion of Dr. Ursula Poydras. ECF No. 9 at 12. Because the Court agrees that the ALJ erroneously assessed Dr. Poydras's medical opinion, remand is warranted, and the Court need not address Paris's first two arguments.

An ALJ must assess the persuasiveness of medical opinions given by medical sources in the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *Lauren P. v. Dudek*, Civil Action No. SAG-24-0480, 2025 WL 754522, at *3 (D. Md. Mar. 10, 2025). The ALJ evaluates the persuasiveness of a medical opinion by considering the following factors: supportability, consistency, relationship with the claimant, the specialization of the medical source, and other, miscellaneous factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The "most important factors" the ALJ considers when evaluating a medical opinion are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Lauren*, 2025 WL 754522, at *3 (citation omitted). "In assessing consistency, the ALJ looks to the degree of cohesion between the medical opinion and 'the evidence from other medical sources and nonmedical sources in the claim.'" *Cody C. v. Bisignano*, Civil Action No. EA-24-3739, 2025 WL 3077642, at *4 (D. Md. Nov. 4, 2025) (citation omitted).

The ALJ is "required by rule" to explain how they considered the supportability and consistency factors in their opinion. *Drumgold*, 144 F.4th at 605; 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[7] The ALJ must support their explanation by citing to "specific objective evidence" in the record. *Shelley*, 61 F.4th at 358. Additionally, "[a]lthough the ALJ is not required to refer to every piece of evidence when rendering his decision, he must provide a

---

[7] The ALJ also may, but is not required to, explain how it considered the other factors of relationship with the claimant, the specialization of the medical source, and miscellaneous factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

reasoned basis for rejecting evidence that runs contrary to his ultimate conclusion." *Lauren*, 2025 WL 754522, at *5 (citing *Reid v. Comm'r Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)). To adequately evaluate a medical opinion under the supportability factor, the ALJ must review the evidence on which the medical source based their opinion. *Carlos F. v. Kijakazi*, Civil Action No. BAH-22-2049, 2023 WL 3293086, at *3 (D. Md. May 5, 2023) (citing *Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022)). To adequately evaluate a medical opinion under the consistency factor, the ALJ must compare and contrast the findings in the opinion with other evidence in the record. *See Lauren*, 2025 WL 754522, at *5 (describing cases in which ALJ failed to compare or contrast medical opinion). Thus, in reviewing medical opinions, the ALJ must explain how the ALJ considered the medical opinion's supportability and consistency by citing to specific evidence and resolving conflicting conclusions in the opinions.

The ALJ erred in reviewing Dr. Poydras's medical opinions for two reasons. First, the ALJ failed to consider the supportability of Dr. Poydras's April 8, 2021, physical assessment of Paris. Tr. 1706–07. Second, the ALJ failed to consider, in its entirety, Dr. Poydras's March 28, 2018, physician's certificate opining on Paris's ability to work. Tr. 1451.

The ALJ reviewed Dr. Poydras's April 8, 2021, opinion as follows:

> On April 8, 2021, Dr. Poydras opined that the claimant's impairments were seldom severe enough to interfere with attention and concentration required to perform simple tasks, he would need to recline/lie down in excess of typical breaks, he could sit 3 hours and stand 1 hour in an 8- hour workday, he would take unscheduled breaks every 2 hours, which would last 20 minutes, he could frequently lift and carry [] up to 10 pounds, occasionally 20 pounds, and never 50 pounds, and he would be absent from work more than 4 times a month. (12F/4). I find this opinion unpersuasive. Dr. Poydras's opinion is not supported by her examination findings. For instance, in September of 2019, an examination revealed no lesions on the claimant's skin, no edema in his lower extremities, and normal coordination and muscle strength in all

> muscles. (9F/7). Dr. Poydra[s]'s opinion is also inconsistent with the remainder of the medical record. At the consultative examination, the claimant's gait was normal, he used no assistive device, he could rise from a chair without difficulty, and he exhibited full range of motion in his hips, knees, and ankles. (13F/7). Such evidence is not consistent with Dr. Poydra[s]'s over restrictive limitations. Rather, this evidence is consistent with limiting the claimant to work at a reduced range of the light exertional level.

Tr. 29 (citing Tr. 1706). Thus, the ALJ found Dr. Poydras's opinion unpersuasive because it was not supported by Dr. Poydras's other examinations and because it was not consistent with other evidence in the record. Tr. 29.

The ALJ failed to consider the supportability of this opinion. At no point in this explanation did the ALJ analyze the explanations, data, or other objective medical evidence that may have supported Dr. Poydras's detailed conclusion. Instead, the ALJ attempts to provide a supportability analysis by stating that Dr. Poydras's opinion was not supported by a separate, September 2019 examination. Tr. 29. However, "[t]his Court has made clear that an analysis of the consistency of an opinion with other opinions from the same provider and the rest of the record is not sufficient to constitute a supportability analysis." *Charles H. v. Kijakazi*, Civil Action No. BAH-22-3331, 2023 WL 5984150, at *3 (D. Md. Sept. 14, 2023). Because the ALJ's analysis erroneously equates a consistency analysis for a supportability analysis and otherwise fails to explain whether Dr. Poydras's opinion is supported, the ALJ erred.

Next, the ALJ failed to consider Dr. Poydras's March 28, 2018, medical opinion. Tr. 1451. Dr. Poydras determined that Paris suffered from hypertension and congestive heart failure and noted that he had a heart attack. Tr. 1451. Dr. Poydras concluded that Paris could not perform work that involved lifting or climbing stairs. Tr. 1451. Again, while an ALJ need not discuss every piece of evidence, they must reconcile evidence that conflicts with their ultimate determinations so that a reviewing court may analyze whether it is supported by substantial

evidence. *See Lauren*, 2025 WL 754522, at *5. Here, because Dr. Poydras's opinion conflicts with the ALJ's finding that, prior to July 13, 2023, Paris could perform light work, the ALJ was required to address the opinion. Yet the ALJ entirely fails to mention this opinion, much less conduct an analysis of its persuasiveness. This was erroneous.[8]

The ALJ's errors are not harmless. "Remand is warranted when an ALJ fails to properly consider the supportability and consistency of a medical opinion." *Cody*, 2025 WL 3077642, at *4; *Lauren*, 2025 WL 754522, at *5 (collecting cases). This is because, first, the ALJ's missing analysis "prevents, or at least substantially hinders, judicial review" of the ALJ's findings. *Drumgold*, 144 F.4th at 605 n.9 (citation omitted). Additionally, had the ALJ properly considered Dr. Poydras's opinions, he "may have come to a different determination of the weight

---

[8] The Court notes that, while there may be some circumstances in which an ALJ need not discuss each medical opinion from a medical source, the ALJ was required to properly articulate the opinions discussed above. Under the Social Security Regulations, an ALJ may conduct a so-called "[s]ource-level articulation" of a medical source by "articulat[ing] how [they] considered the medical opinions … from that medical source together in a single analysis." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If an ALJ properly conducts a source-level articulation, the Regulations do not require the ALJ to "articulate how [the ALJ] considered each medical opinion." *Id.* There does not appear to be caselaw from the Fourth Circuit that elaborates on this provision, and District Courts across circuits are split on whether these Regulations require an ALJ "to articulate why he or she did not adopt every recommended limitation by each medical source." *Godfrey v. Kijakazi*, No. CV 6:20-2504-TMC-KFM, 2021 WL 8014681, at *4 (D.S.C. Sept. 10, 2021) (collecting cases), *R & R adopted*, No. 6:20-CV-2504-TMC, 2022 WL 951620 (D.S.C. Mar. 30, 2022). The Court need not resolve this issue here, however, for two reasons. First, regardless of the opinions of Dr. Poydras that the ALJ *did not* articulate, the analysis of the opinions that the ALJ *did* articulate was insufficient, as discussed above. Second, notwithstanding the Regulations, the Fourth Circuit's longstanding requirement that an ALJ "offer[] a sufficient rationale in crediting certain evidence and discrediting other evidence" must be observed. *Drumgold*, 144 F.4th at 605. Here, the ALJ failed to observe that requirement; the ALJ's inadequate review of Dr. Poydras's April 8, 2021, opinion made an articulation of Dr. Poydras's other opinions all the more necessary for the Court to understand the ALJ's rationale. Thus, the Social Security Regulations regarding a source-level articulation do not alter the Court's conclusion that the ALJ erred.

[they] should have been given. This revised weight could have, in turn, altered [Paris's] RFC." *Charles*, 2023 WL 5984150, at *4. Accordingly, the Court remands the case for further review.

On remand, the ALJ should explain how he considered the supportability and consistency of Dr. Poydras's April 8, 2021, and March 28, 2018, medical opinions pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. As to the arguments Paris raised that the Court did not address, the ALJ is welcome to consider these arguments on remand. The Court expresses no opinion as to whether the ALJ's ultimate conclusion regarding Paris's entitlement to benefits is correct.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Date: February 18, 2026

/s/
Chelsea J. Crawford
United States Magistrate Judge